IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:11-375 (CMC) |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Jerome Ralph Jay, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court pursuant to Defendant's third *pro se* "Motion for Sentence Reduction." ECF No. 70. Defendant previously filed two motions to reduce sentence based on Amendment 782. ECF Nos. 63, 64. A Sentence Reduction Report ("SRR") was prepared and the court denied Defendant's motion based on that report, which stated that Amendment 782 did not apply, as it did not lower his guideline range. ECF No. 65. Relief under U.S.S.G. Amendment 782 was denied on July 20, 2015. Order, ECF No. 68. Defendant now moves again for reduction based on Amendment 782, arguing that he should receive the two-point reduction due to new case law. ECF No. 70.

Pursuant to *United States v. Goodwyn*, 596 F.3d 233, 236 (4th Cir. 2010), "the clear intent of § 3582 is to *constrain* postjudgment sentence modifications . . . ." Section § 3582(c) "gives a district court one—and only one—opportunity to apply the retroactive amendments and modify the sentence." *United States v. Mann*, 435 F. App'x 254, 254 (2011) (citing *Goodwyn*, 596 F.3d at 236); *see also United States v. Redd*, 630 F.3d 649, 651 (7th Cir. 2011). Accordingly, this court is without jurisdiction to entertain Defendant's *third* motion for relief under § 3582(c).

However, as noted in the Order denying his earlier motion for reconsideration, Defendant's request for relief under Amendment 782 fails on the merits. Defendant is classified as a career

offender due to previous convictions.  Therefore, the application of Amendment 782 does not lower his guideline range, which is driven by his career offender status rather than drug weight.

Defendant cites *U.S. v. Williams*, 808 F.3d 253 (4th Cir. 2015), which addresses reduction of mandatory minimum sentences under Amendment 782 after a Rule 35(b) motion is granted. While Defendant was granted a Rule 35 reduction, the previous Order denying relief under Amendment 782 was after the reduction in sentence and took that into account.  Regardless, these authorities simply do not apply to Defendant's case as he was not sentenced based upon a statutorily required mandatory minimum sentence.

Therefore, Defendant's motion for reconsideration is dismissed as this court is without jurisdiction to consider it.

**IT IS SO ORDERED.**

<u>s/ Cameron McGowan Currie</u>
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
May 2, 2016

2