IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Criminal No. 3:11-375-CMC |
| vs. | **OPINION AND ORDER** |
| Jerome Ralph Jay,<br>Defendant. | |

This case comes before the court on Defendant's Motion to Reduce Sentence Pursuant to the First Step Act of 2018. ECF No. 78.[1] The Government filed a response in opposition. ECF No. 80. A Sentence Reduction Report ("SRR") indicates Defendant is not eligible for a sentence reduction. ECF No. 77. For the reasons explained below, Defendant's motion is denied.

Defendant was indicted on March 16, 2011 on 11 counts. ECF No. 2. Defendant entered into a Plea Agreement to plead guilty to Count 4, possession with intent to distribute and distribution of five grams or more of cocaine base, a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B); and entered a guilty plea on June 28, 2011. ECF Nos. 31, 33. He was sentenced on October 5, 2011, to 151 months' imprisonment and six years' supervised release. ECF No. 42. On April 14, 2004, an Amended Judgment was entered, reducing Defendant's sentence to 130 months. ECF No. 60.

In 2010, Congress passed the Fair Sentencing Act to reduce the disparity in the treatment of cocaine base and powder cocaine offenses by increasing the quantities of cocaine base <u>required to trigger 21 U.S.C. §§ 841(b)(1)(A) and (B)</u>. *See* Pub. L. No. 111-220, 124 Stat. 2372 (emphasis

---

[1] Defendant also filed a *pro se* motion noting he "would like to find out if I qualify for the First Step Act." ECF No. 73.

added).  The First Step Act of 2018 applied these provisions of the Fair Sentencing Act retroactively.  *See* Pub. L. No. 115-391, 132 Stat. 5194.  Under § 404 of the First Step Act, a court that imposed a sentence for an offense covered under the Fair Sentencing Act "may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the offense was committed."  *Id.*  Consideration for a reduction in sentence is not available under the First Step Act "if the sentence was previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010."  *Id.* at §404(b).  Moreover, the First Step Act does not contemplate reducing sentences for Defendants convicted under sections other than §§ 841(b)(1)(A) and (b)(1)(B).

Defendant's position is somewhat unique, as his sentencing exposure changed between the time of his guilty plea and sentencing.  At the time of the plea, it appears the Government took the position the Fair Sentencing Act would not apply to Defendant's case, as he committed his offense "prior to August 31, 2010."[2]  *See* ECF No. 31 at 2.  Therefore, the plea was to a violation of §§ 841(a)(1), (b)(1)(B).  However, the PreSentence Report ("PSR") notes the Department of Justice subsequently adopted the position the Fair Sentencing Act and its penalties applied to cases *sentenced* (as opposed to conduct committed) after August 3, 2010; therefore, the PSR reflected penalties in §841(b)(1)(C) instead of §841(b)(1)(B). ECF No. 77-1 at 1 n.1.

---

[2] The Fair Sentencing Act took effect August 3, 2010.  The August 31, 2010 date referenced in the Plea Agreement may be a typographical error.

2

Defendant's motion argues he was convicted of an offense in violation of § 841(b)(1)(B), as set forth in his Plea Agreement. ECF No. 78. Therefore, because Defendant was convicted of a covered offense, he argues he is eligible for a reduction and the court has "complete discretion" to grant or deny relief under the First Step Act. *Id.* at 3.

However, the court finds Defendant's sentence "was previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010." As detailed in the PSR, the Fair Sentencing Act and its increase in drug amounts necessary to trigger certain mandatory minimums was considered and utilized in Defendant's sentencing, where his statutory range was determined to be zero to 30 years pursuant to § 841(b)(1)(C) and not § 841(b)(1)(B). ECF No. 77-1 at ¶ 98. Therefore, Defendant's sentence was imposed "in accordance with the amendments" of the Fair Sentencing Act, and he is ineligible for a reduction pursuant to the First Step Act. Accordingly, Defendant's motions pursuant to the First Step Act (ECF Nos. 73, 78) are denied.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
May 14, 2019